DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc., ) | |
| ) | CASE NO. 4:04 CV 143 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| James Fowler, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This case was filed on January 27, 2004.  The complaint alleges: (1) violation of 47 U.S.C. § 605(a) -- unauthorized reception of plaintiff's satellite signals; (2) violation of 47 U.S.C. § 605(e)(4) -- importation, manufacture, assembly, modification, sale or distribution of signal theft devices; (3) violation of 18 U.S.C. § 2511(1)(a) -- unauthorized interception of electronic communications; and (4) violation of 18 U.S.C. § 2512(1)(b) -- possession of pirate access devices.

Defendant was not served until March 11, 2004 and filed his answer on April 16, 2004. Following the Case Management Conference conducted on June 1, 2004, where counsel for both sides appeared in person, the Court issued a Case Management Plan setting March 11, 2005 as the discovery cut-off date.  A dispositive motion schedule was also established.

On February 9, 2005, plaintiff filed a motion to compel discovery (Doc. No. 18);  it remains pending.  The motion represents that, on June 15, 2004, plaintiff served its first set of interrogatories,

(4:04 CV 0143)

requests for production of documents, and requests for admission.  When there was no response, on July 29, 2004, in compliance with LR 37.2, plaintiff's counsel mailed a letter to defendant's counsel seeking to resolve the discovery problems.  When there was no response, on August 24, 2004, plaintiff's counsel left a voicemail message for defendant's counsel.  Again there was no response.  On February 2, 2005, another letter was sent to defendant's counsel and on February 8, 2005, another voicemail message was left.  Neither elicited a response.

Following that pattern, defendant ignored the motion to compel and did not file a response.  On March 2, 2005,[1] the Court ordered defendant to respond to plaintiff's motion by no later than March 16, 2005.  In that same Order, the Court directed defendant's counsel to comply with earlier orders to register for electronic receipt and filing of documents.  See Doc. No. 20.  The discovery deadline was also extended by 90 days because all discovery was still outstanding.

Defendant never responded to either of the Court's orders -- neither the order to respond to plaintiff's motion to compel nor the order to register for CM/ECF.  However, on March 14, 2005, defendant manually filed a notice of service of his first set of interrogatories and request for production of documents.

By Order dated March 15, 2005, the Court once again ordered defendant's counsel to comply with the Court's earlier orders.  See Doc. No. 23.  On March 25, 2005, plaintiff filed a motion for the sanction of default judgment and damages because of defendant's failure to respond to discovery and/or the Court's orders.

---

[1] LR 7.1(d) requires a response to a non-dispositive motions within 14 days.

2

(4:04 CV 0143)

Defendant filed no response to plaintiff's motion for sanctions and no response to any of the Court's orders. Therefore, on April 18, 2005, the Court issued an order for defendant and his counsel to show cause by April 25, 2005 why the Court should not enter default against the defendant and schedule a hearing on damages. See Doc. No. 25. Again there was no response from the defendant or his counsel.

On April 29, 2005, the Court issued an order granting plaintiff's motion for sanctions, entering default against the defendant in favor of the plaintiff, and setting a hearing on damages for June 1, 2005. See Doc. No. 26. On that very same day, defendant and his counsel finally came alive and filed a motion for additional time to respond to the show cause order. In the motion, defendant's counsel stated that he had just received the order because it had been sent to his former business address.

Each order of the Court was mailed by regular U.S. mail to the address on file for defendant's counsel, namely, 170 Monroe St. NW, Warren, Ohio 44483. However, defendant's counsel had apparently moved to a new address on April 1, 2004, namely, 144 North Park Avenue, Warren, OH 44481. Defendant's counsel took no steps to inform the Court of his correct address.[2] Furthermore, because counsel repeatedly and inexplicably ignored this Court's orders to register for CM/ECF, a process which would have corrected any address error, the Clerk did not discover the error;

---

[2] All of plaintiff's certificates of service show the correct mailing address. Apparently, it was only the Court that had no knowledge of the new address.

3

(4:04 CV 0143)

defendant's counsel's address on the docket and on all of the electronic receipts remained incorrect up until about two days ago when he finally complied with the orders to register for CM/ECF.[3]

Since none of the orders were returned as undeliverable by the post office, the Court is certain that all of the orders were actually received by counsel through the forwarding process utilized by the post office. None of the Court's mailings were returned by the post office until May 3, 2005. The returned mail (Doc. No. 29) indicates "return to sender" because the "forwarding time expired." Had counsel been vigilant and taken the time to fulfill his professional obligations, he would have noticed that the Court still had him on file with an old address. Counsel for defendant had repeated opportunities in this case (and in Case No. 4:04cv2224; see n.3) to correct the address error. Given his failure to do so and his absolute pattern of ignoring both the Court's orders and plaintiff's counsel's requests, the Court concludes that this was a strategy employed by counsel to delay this case.

In any event, the Court granted defendant's motion for additional time to respond to the show cause order and the clerk filed on counsel's behalf the response to the show cause order which had been attached to the motion. That response stated in full:

> Now comes the Defendant, James Fowler, by and through the undersigned counsel who does now state his reasons why the Court should not enter default judgment against him.

---

[3] Another interesting fact: this same counsel has appeared in two other recent cases where he has also not been filing electronically. In one (Case No. 4:04cv 2224) all the receipts show the old address; in the other (Case No. 4:04cv 2365) all of the receipts show the new address. Therefore, counsel must have been in the Court's system with two addresses, a fact which would have been automatically remedied had he followed the orders to register for electronic filing.

4

(4:04 CV 0143)

>The Defendant submitted this day his answers to the Plaintiff's request for discovery. There was a delay caused by the Defendant's unwillingness to answer certain questions. Defendant's counsel submits to Plaintiff's counsel that the Defendant will answer any discovery if compelled by the Court.
>
>In conclusion, counsel for the Defendant has submitted Mr. Fowler's discovery responses this 29th day of April, 2005 and submitted his electronic filing registration form with the Court.

(Doc. No. 30).

Incredibly, this show cause response asserts defendant's position to be that he has no responsibility to respond to discovery unless "compelled by the Court." This, of course, is not true. There is a responsibility under the Federal Rules of Civil Procedure to respond to all legitimate discovery requests. If there are disputes as to the legitimacy of any request, that should be addressed in a response to the motion to compel. However, defendant's response to the show cause order makes no attempt to address the merits of the plaintiff's motion to compel discovery. Nor does it explain what, if anything, is the basis for defendant's "unwillingness to answer." Nor does it identify the discovery requests that defendant finds so troublesome that he is unwilling to answer.

At the time defendant's counsel presented to the Court his proposed response to the show cause order which has now been filed, he was probably not aware that default had been entered because, presumably, that order was the one returned by the post office.[4] If, however, the Court were to construe his show cause response as a request to set aside the entry of default, the response would fail. It offers no reason why default should not have been entered on the basis of complete failure to

---

[4] The Court's law clerk reported, however, that someone from counsel's office called on May 5, 2005 to inquire whether the default entry still stood; so counsel is now aware of the entry.

5

(4:04 CV 0143)

defend and no reason why that default should now be set aside. In fact, it is quite clear to the Court that, had not defendant been practically <u>forced</u> by way of the show cause order to respond, there would have been no response to either the Court's direct orders or the plaintiff's motions. That has been defendant's persistent pattern in this case and the Court need tolerate it no more.

The Court finds that there has been no good cause shown for failure to defend this case. Further, to date, there has been no good cause shown to set aside the default entered on April 29, 2005 (Doc. No. 26).

Accordingly, the Court intends to conduct a hearing on damages sometime during the one-week period beginning July 5, 2005.[5] This is on a stand-by basis. Counsel should keep in touch with the Court's courtroom deputy (Debbie Mattei, 330-375-5706) as that time approaches for a more definite indication of the exact time and date of the hearing.

If defendant believes there is good cause to set aside the entry of default,[6] he shall file a well-briefed motion to set aside by no later than May 23, 2005. However, the defendant is on notice that Court is of the view that he has been given more than enough opportunity to defend this case and has simply chosen not to. The Court highly doubts there will be any good reason for defendant's or defendant's counsel's dereliction.

---

[5] The original hearing date was June 1, 2005. This date is vacated.

[6] See <u>United Coin Meter Co., Inc. v. Seaboard Coastline Railroad</u>, 705 F.2d 839 (6th Cir. 1983), quoting <u>Farnese v. Bagnasco</u>, 687 F.2d 761 (3d Cir.1982) (identifying the three factors which control the decision of a Rule 55(c) motion to set aside entry of default).

6

(4:04 CV 0143)

      Plaintiff shall have until June 3, 2005 to respond to any motion to set aside default and defendant may file a reply, if any, by June 10, 2005.

      IT IS SO ORDERED.


 May 6, 2005                             *s/ David D. Dowd, Jr.*
Date                                     David D. Dowd, Jr.
                                            U.S. District Judge