DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc., )<br>)<br>        Plaintiff(s), )<br>)<br>v. )<br>)<br>James Fowler, )<br>)<br>        Defendant(s). )<br>) | CASE NO. 4:04 CV 0143<br><br>MEMORANDUM OPINION<br>AND ORDER |

Before the Court is defendant's motion to set aside entry of default judgment (Doc. No. 34) and plaintiff's opposition (Doc. No. 35); defendant filed no reply. Defendant argues that, despite clearly inexcusable conduct on his part (which he admits to), the default should be set aside because he has meritorious defenses and plaintiff would not be prejudiced. Defendant cites only Fed. R. Civ. P. 55(c) as authority for his motion. Rule 55(c) provides:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

What defendant's motion to set aside fails to acknowledge is that this Court has already entered a judgment by default, rendering Rule 60(b) the relevant rule. In a very detailed Memorandum Opinion and Order dated May 6, 2005, the Court concluded that defendant had failed to show good cause to set aside the entry of default dated April 29, 2005. In the May 6, 2005 Order, the Court entered a judgment by default and set a hearing during the week of July 5, 2005 to determine relief, including damages. *See* Doc. No. 31. In an abundance of caution, the Court also indicated in the order that it

(4:04 CV 0143)

would consider a well-briefed motion to set aside the default judgment prior to the hearing, citing *United Coin Meter Co.*, *infra*. The instant motion to set aside the entry of default judgment followed (Doc. No. 34).

Under Sixth Circuit case law, the standard for setting aside a <u>judgment</u> by default is much more stringent than the standard for setting aside a mere <u>entry</u> of default, requiring a strict application of the provisions of Fed. R. Civ. P. 60(b)(1). In *United Coin Meter Co., Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983), the court adopted for a Rule 60(b) motion the same three factors used for a Rule 55(c) motion: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id*. at 844-45 (quoting *Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir. 1982)).[1] However, in *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), the court elaborated with respect to the practice of applying these three elements:

---

[1] The *United Coin* court set forth "[t]he sequence of procedural steps required of one seeking judgment by default[.]"

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). *See generally* 10 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL §§ 2681-2700 (1973).

705 F.2d at 844 (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

2

(4:04 CV 0143)

> In practice, . . . the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner [i.e., defendant] is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." . . . It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*See also*, *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986) (citing cases) (noting that the three elements for relief are substantially the same under both Rule 55(c) and Rule 60(b), but are applied more stringently under Rule 60(b));[2] *see also Manufacturers' Indus. Relations Assoc. v. East Akron Casting Company*, 58 F.3d 204 (6th Cir. 1995) (reinstating default judgments that had been set aside).

---

[2] In *Shepard*, the court noted:

> Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved.
>
> * * *
>
> Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies whether considering a motion under Rule 55(c) or Rule 60(b). In practice a somewhat more lenient standard is applied to Rule 55(c) motions where there has only been an entry of default than to Rule 60(b) motions where judgment has been entered.

796 F.2d at 193.

(4:04 CV 0143)

Clearly, default judgment has already been entered against the defendant, brought on by complete failure to defend this case. This failure is very carefully detailed in the May 6, 2005 Memorandum Opinion and Order; it need not be reiterated here. All that remains is for the Court to determine the relief to which plaintiff is entitled. Nothing in the instant motion convinces the Court otherwise, since the motion fails completely to establish any "mistake, inadvertence, surprise, or excusable neglect."

Defendant's motion to set aside the default judgment (Doc. No. 34) is DENIED. The Court will proceed with the hearing with respect to relief during the week of July 5, 2005.

IT IS SO ORDERED.


| June 30, 2005 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |